1

2

3

FILED
LODGED
RECEIVED

JAN 21 2014

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY
DEPUTY

4

5

6

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

7

8

**DAVID T. GILCHRIST**
**LEANNE L. GILCHRIST**
        Plaintiffs

9

vs.

10

**BANK OF AMERICA, N.A.**
**BAC HOME LOANS SERVICING LP**
**MERS, Inc.**
**MERSCORP, INC.**
**FHLMC FREDDIE MAC**
**MANN MORTGAGE, LLC dba LIFE MORTGAGE**
**MANN FINANCIAL, INC.**
**WITHERSPOON·KELLEY**
**CHRISTOPHER G. VARALLO**
        Defendants

11

12

13

14

**CV14  5062**RBL

Case
#_____

**CIVIL COMPLAINT**

**JURY TRIAL DEMANDED**

15

## PRELIMINARY STATEMENT

16

17

1.  This is an action for actual damages, statutory damages, conspiracy of fraud, breach of covenant

18

of good faith and fair dealing, and injunctive relief. This complaint will show that at all times

19

material hereto Defendants agreed between and amongst themselves and in combination with

20

each other and with various agents known and unknown as to each overt act in furtherance of

21

Civil Complaint Page - 1

22

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

(TAC-011520 / 9 Summons iss'd)

1  the conspiracy and enterprise to engage in unlawful actions for a common purpose to which: to

   perpetrate a fraud and obtain an unlawful judgment against Plaintiffs.

2  # COMPLAINT

3  2. Plaintiffs David T. Gilchrist and Leanne L. Gilchrist (hereinafter "Plaintiffs") sue Defendants

4     Bank of America, N.A. (hereinafter "BANA"), BAC Home Loans Servicing LP, Freddie Mac,

5     Mann Mortgage, LLC dba Life Mortgage, LLC (hereinafter "Life Mortgage"), Mann Financial,

6     Inc. (hereinafter "Mann Financial"), MERS, Inc., MERSCORP Holdings, Inc., (hereinafter

7     "MERSCORP, Inc."), Witherspoon·Kelley, and attorney Christopher G. Varallo for violations of

8     the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.*(hereinafter "FDCPA"), the

9     Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)(iii) (hereinafter "TCPA"), the

10    Fair Credit Reporting Act 15 U.S.C. 1681 *et seq.* (hereinafter "FCRA"), the Washington State

11    Fair Credit Reporting Act RCW 19.182 (hereinafter "WFCRA"), the Washington State

12    Consumer Protection Act, RCW 19.86.020 and RCW 19.86.093(1)(2)(3)(a) (hereinafter

      "WCPA")and the Washington State Uniform Commercial Code RCW 62A.3-203.

13 # PARTIES

14 3. Plaintiffs **David T. Gilchrist** and **Leanne L. Gilchrist** are natural persons who reside in

15    Cowlitz County, Washington with an address of 457 21ˢᵗ Ave,  Longview, WA 98632

16 4. Defendant **BANK OF AMERICA, N.A.,** Upon information and belief, Bank of America, N.A.

17    is a National Bank with its headquarters located 100 North Tryon St, Charlotte, NC, 28202.

18    Upon information and belief, Defendant, Bank of America, N.A. is engaged in the business of

19    collecting debts in the state of Washington. Bank of America, N.A. regularly attempts to collect

20

21 Civil Complaint Page - 2

22                                                   David T. Gilchrist & Leanne L. Gilchrist
                                                                      457 21ˢᵗ Ave
                                                                 Longview, WA 98632
                                                                   360-423-1196

1    debts alleged to be due another. Upon information and belief Bank of America, N.A. operates

2    without a license in the state of Washington as a debt collector and/or out of state collection
     agency.

3    5. Defendant **BAC HOME LOANS SERVICING LP**, Upon information and belief, BAC Home

4    Loans Servicing LP is a subsidiary of Bank of America, N.A. with its main headquarters located
     100 North Tryon St, Charlotte, NC, 28202. BAC Home Loans Servicing LP services home

5    loans for Bank of America, N.A.. BAC Home Loans Servicing LP was Countrywide Home

6    Loans Servicing, LP but changed its name after BANA acquired Countrywide.

7    6. Defendant **FHLMC FREDDIE MAC**, Upon information and belief, Freddie Mac is a

8    stockholder-owned, government-sponsored enterprise (GSE) chartered by Congress in 1970.

9    Freddie Mac purchases, guarantees and securitizes mortgages to form mortgage-backed

10   securities. Its principal office is located at 8100 Jones Branch Dr., McLean, VA 22102

11   7. Defendant **MANN MORTGAGE, LLC dba LIFE MORTGAGE, LLC**, Upon information

12   and belief, Mann Mortgage is no longer doing business as Life Mortgage but as Mann

13   Mortgage, LLC. For purposes of this complaint Plaintiffs will refer to Mann Mortgage, LLC as

14   "Life Mortgage". "Life Mortgage" is a full service mortgage bank connected to various

15   investors that enable it to finance residential loans and other investments through a variety of

16   loan programs. The Governing Persons of Life Mortgage is Mann Financial, Inc whose address

17   is 1220 Whitefish Stage Rd, Kalispell MT 59901. The registered agent for Mann Mortgage
     (Life Mortgage) is CT Corporation System located at 505 Union Ave SE Suite 120, Olympia,

18   WA 98501.

19   8. Defendant **MANN FINANCIAL, LLC** or **MANN FINANCIAL, INC**, Upon information and

20
     Civil Complaint Page - 3

21                                                      David T. Gilchrist & Leanne L. Gilchrist
                                                                    457 21ˢᵗ Ave
                                                               Longview, WA 98632
22                                                                360-423-1196

belief, Mann Financial, LLC in the Montana Secretary of State Business Entity Search is named Mann Financial, Inc. Mann Financial, as Plaintiffs will refer to them, are a corporation that underwrites commercial and business loans nationally, and to a limited extent, internationally. They are licensed by the California Department of Real Estate. The registered agent for Mann Financial, Inc. is CT Corporation System located at 505 Union Ave SE Suite 120,  Olympia, WA 98501.

9. Defendant **MERSCORP, INC.,** Upon information and belief MERSCORP Holdings, Inc. ("MERSCORP, Inc.") is a Delaware corporation owned by many of the most significant stakeholders in the mortgage industry, including mortgage origination and servicing companies like Bank of America, N. A., Freddie Mac, Mann Financial. Its total membership is around 6,500 members. MERSCORP, Inc. registers mortgages using electronic commerce through a trademark system know as MERS® Systems. This trademark system acts as nominee for lender and servicer in the county land records via MERS, Inc., a bankruptcy remote shell company under the oversight of MERSCORP, Inc. As a national organization, MERSCORP conducts business in the State of Washington. Upon information and belief, MERSCORP is not registered to do business in the State of Washington. MERSCORP, Inc.'s principle place of business is located at 1818 Library Street, Suite 300,  Reston, VA 20190.

10. Defendant **MERS, INC.,** Mortgage Electronic Registration System, Inc. ("MERS, Inc.") is a wholly owned subsidiary of MERSCORP, Inc.  Upon information and belief MERS, Inc., as it is referred to in most mortgages, is a bankruptcy remote company with no employees and no assets designed specifically for diverting liability away from MERSCORP, Inc..  MERS, Inc.'s acronym is used on all MERSCORP, Inc. mortgages to  appear as if the Mortgagee is MERS,

Civil Complaint Page - 4

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

Inc. and not MERSCORP, Inc.. As a wholly owned subsidiary of MERSCORP, Inc., MERS,

Inc. as a bankruptcy remote corporation engages in business in the State of Washington. Upon

information and belief, MERS, Inc. is not registered to do business in the State of Washington.

Its principle address is 1818 Library St. Suite 300,  Reston, VA 20190.

11. Defendant **WITHERSPOON·KELLEY,** Upon information and belief Witherspoon·Kelley are

attorneys & counselors who practice corporate counseling, finance and banking representation.

Witherspoon·Kelley's principal address is 422 W Riverside Ave Suite 1100,  Spokane, WA

99201.

12. Defendant **ATTORNEY CHRISTOPHER G. VARALLO,**  Upon information and belief,

attorney Christopher G. Varallo is a Principal attorney with Witherspoon·Kelley who practices

in the areas of banking, creditor's rights, general business, real estate and intellectual property

and who handles complex real and personal property foreclosure and collection actions in

Washington, Idaho, and Oregon courts. Attorney Christopher G. Varallo address as attorney is

422 W Riverside Ave Suite 1100,  Spokane, WA 99501.

## JURISDICTIONAL ALLEGATIONS

13. The jurisdiction of this court is conferred by 28 U.S.C. §1331; 15 U.S.C. §1692k(d);

47 U.S.C. §227(b)(3), 15 U.S.C. §1681p and supplemental jurisdiction exists for the state law

claims pursuant to 28 U.S.C. §1367.

14. All conditions precedent to the bringing of this action have been performed.

## VENUE

15. Venue is proper in this district pursuant to 28 USC §1391b. Venue in this District is proper in

Civil Complaint Page - 5

that the Plaintiffs reside here, the Defendants transact business here, and the conduct

1   complained of occurred here.

2

3                    **GENERAL FACTUAL ALLEGATIONS**

4   16. On January 21st of 2009 a loan was executed by the Gilchrists in favor of Mann Mortgage, LLC

5       dba Life Mortgage (hereafter Life Mortgage) for $130,000 with monthly payments beginning

6       on March 1, 2009 in the amount of $678.14 to be payable to Life Mortgage. *See,* Exhibit A.

    17. The loan number of the Gilchrist Note executed on January 21st of 2009 is 1106245. *See,*
7
        Exhibit A.
8
    18. Plaintiffs paid $6,052.23 for "Total Settlement Charges" to Life Mortgage to facilitate said loan.
9
        *See,* page 1, sec. J, Exhibit B.
10
    19. Plaintiffs paid a total amount of $7,964.52 to Life Mortgage to originate and execute the said
11
        loan. *See,* page 1, sec J 303, Exhibit B.
12
    20. The Note has a maturity date of February 1, 2039. *See,* ¶ 3 Exhibit A.
13
    21. Plaintiff's executed a Deed of Trust on January 21, 2009 with Life Mortgage as the alleged
14
        Lender and Mortgage Electronic Registration Systems, Inc. as Beneficiary. *See,* Exhibit C.
15
    22. The Deed of Trust was recorded in the Cowlitz County records on January 28, 2009 as
16
        Document No. 3385178. *See,* top of page 1, Exhibit C.
17
    23. The Plaintiffs' property listed as 457 21st Ave, Longview, WA 98632-1301 has been insured by
18
        ANPAC (American National Property & Casualty Co) since March 3, 2008. *See,* Exhibit D.
19
    24. The entities who held the position as LIENHOLDER/MORTGAGEE for the Gilchrist loan  as
20      stated on the policies from 03/08/2008 to 03/08/2014 are as follows: *See,* Exhibit D.

    Civil Complaint Page - 6
21
                                                    David T. Gilchrist & Leanne L. Gilchrist
                                                                457 21st Ave
22                                                          Longview, WA 98632
                                                                360-423-1196

a) MANN MORTGAGE, LLC (Life Mortgage)   03/08/2008 to 03/08/2009
b) COUNTRYWIDE HOME LOANS, Inc.   03/08/2009 to 03/08/2012
c) BANK OF AMERICA, N.A.   03/08/2013 to 03/08/2014

25. The Plaintiffs' Note states: If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. *See,* ¶ 6(B) Exhibit A.

26. Plaintiffs rarely, if ever, payed on the 1st of each month. Therefore, Plaintiffs, according to the said Note, have been in default since the first payment of the Gilchrist loan.

27. Plaintiffs began making payments to Bank of America, N.A. (hereafter BANA) in February of 2009 after BANA stated they were the alleged servicer for the Gilchrist loan.

28. Plaintiffs allege MERS, Inc. was created as a bankruptcy remote corporation to divert liability away from MERSCORP Holdings, Inc. and its membership.

29. Plaintiffs allege MERSCORP, Inc. assumes itself the beneficiary of the Gilchrist loan through and under the corporation of Mortgage Electronic Registry System (MERS, Inc.) found in the Plaintiffs' Deed of Trust. *See,* ¶ (E), Exhibit C.

30. Plaintiffs allege that BANA, Freddie Mac, and Mann Financial are MERSCORP, Inc. members.

31. MERSCORP, Inc. owns the trademark MERS® system that electronically tracks the Gilchrist loan.

32. Plaintiffs allege that all the alleged conveyances of the Gilchrist loan were initiated, directed and executed by MERSCORP, Inc. and its members, BANA, Freddie Mac, Mann Financial and other undisclosed entities through MERS, Inc. via the MERS® System.

33. Located on the Plaintiff's Note is a MIN number. MIN stands for Mortgage Identification Number which is a unique 18-digit number assigned to each mortgage registered into the MERS® system. The first seven (7) digits represent the identity of the MERS Member who

Civil Complaint Page - 7

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

registered the Mortgage into the MERS® system. *See,* Top of page, Exhibit A.

34. A search conducted on the MERS Member Search page for the first seven digits of the MIN found on the Plaintiff's Deed of Trust revealed that 1000632 is the organization ID number for Mann Financial, LLC.

35. Although Life Mortgage was named as the Plaintiffs' Lender, the MERS Member Search page shows Mann Financial, LLC as the Originator of the subject mortgage loan. *See,* Exhibit E.

36. Plaintiffs allege that no recorded Assignment of transfer of the Gilchrist loan was properly conveyed from Mann Financial to Life Mortgage.

37. On March 15, 2013 Plaintiffs sent a Qualified Written Request (hereinafter QWR) certified letter to Life Mortgage. *See,* Exhibit F.

38. On March 28, 2013 Defendant Life Mortgage stated that the loan was funded on January 28, 2009 and was immediately sold to BANA on February 10, 2009. *See,* Exhibit G.

39. Plaintiffs allege that ¶ 38 is an admission by Life Mortgage that they are not the true Lender of the Gilchrist loan.

40. Mann Financial or another undisclosed entity "funded" (originated) the Gilchrist loan.

41. Sometime in March of 2013 Plaintiffs were told over the phone by BANA that Plaintiffs' mortgage was owned by Freddie Mac.

42. Plaintiffs went to the Freddie Mac website and discovered that Freddie Mac claimed it was the owner of Plaintiff's mortgage and that it was acquired on March 27, 2009. *See,* Exhibit H.

43. On or around March 12, 2013 Plaintiffs received one Borrower's Response Package (hereinafter BRP) from BANA dated March 8, 2013. The second BRP dated the 8th of March was sent on March 20 and received on or around March 22, 2013. *See,* Exhibit I.

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

44. The BRP stated that BANA was a debt collector who was retaining a third party debt collector to obtain private information from Plaintiffs in order to collect a debt. *See,* Last ¶, page 1, Exhibit I.

45. The information requested by BANA in the BRP from Plaintiffs included such things as SSN, date of birth, phone numbers, detailed household income and expenditures, latest tax return, and credit reports.

46. Plaintiffs allege that the BRP was confusing in that it claimed to help Plaintiffs while at the same time threatened foreclosure.

47. The BRP contained the BANA logo and BANA "header" at the top of the first page. However, it contained a third party debt collectors' notice on the last page indicating it was attempting to collect a debt. *See,* last page, Exhibit I

48. Plaintiffs allege the the BRP layout and BANA logo was designed to give Plaintiffs a sense of security and authority from the alleged servicer of the Gilchrist loan that the information BANA was requesting was valid and reasonable.

49. Plaintiffs allege that the BRP was purposefully designed by BANA to be deceptive in order for a third party to acquire personal and private information from Plaintiffs in order for that said third party debt collector to collect a debt.

50. The said BRP from BANA threatened foreclosure if financial information requested by BANA was not received by April 7, 2013.

51. The Plaintiffs were unaware that BANA was a debt collector before receiving the said BRP from BANA on March 8, 2013.

52. Plaintiffs allege that BANA violated FDCPA 15 U.S.C. §1692b(2) by contacting and retaining a

Civil Complaint Page - 9

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

third party stating that the Plaintiffs owe a debt.

53. Plaintiffs allege that BANA violated FDCPA 15 U.S.C. §1692e by using false, deceptive or misleading representation or means in connection with a debt collection.

54. Because of many addresses used by BANA and Freddie Mac, Plaintiffs sent 3 QWR's to BANA at 3 different BANA locations and 2 QWR's to Freddie Mac at 2 different Freddie Mac locations. *See,* Exhibit J & Exhibit K.

55. Sections of the QWRs sent to BANA by Plaintiffs on March 15, 2013 stated the Plaintiffs' concerns that BANA was a debt collector and questioned the validity of BANA as servicer of the Gilchrist loan and demanded validation of the debt. *See,* ¶ 1, page 1, Exhibit J

56. Plaintiffs stop paying the alleged servicer BANA in March 2013.

57. The April 9, 2013 BANA QWR response stated they were the servicer of the Gilchrist loan.

58. The QWR Response letter dated April 9, 2013 states in part:

> **"The assignment on the above loan (Gilchrist loan) was recorded through MERS (Mortgage Electronic Registration System, Inc.). MERS was created by the real estate finance industry to eliminate the need to prepare and record an assignment document each time a mortgage loan is sold or transferred to another servicer."** [*See,* ¶ 2, page 4, Exhibit L.]

59. BANA stated in the same QWR Response letter that the "Investor" of the Gilchrist Mortgage Loan is FHLMC S/A-3DAY ARC-150847. *See,* ¶ 1, page 6, Exhibit L

60. The same QWR Response envelope that included the letter dated April 9, 2013, also included a copy of the Plaintiff's Note and Deed of Trust which BANA used as evidence to dispute or validate Plaintiff's claims with BANA. *See,* Exhibit M.

61. There were no endorsements on the aforementioned Gilchrist Note or Deed of Trust showing that a proper transfer of the full beneficial rights from Mann Financial, LLC to Life Mortgage ever occurred or that the full beneficial rights from Life Mortgage to BANA ever occurred or

Civil Complaint Page - 10

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

that the full beneficial rights from BANA to Freddie Mac ever occurred. There were no endorsements on the said Gilchrist Note or Deed of Trust.

62. Plaintiffs received a certified letter dated April 15, 2013 from BANA stating:

   **"NOTICE OF INTENT TO ACCELERATE AND FORECLOSE"** [*See,* Exhibit N.]

63. The letter states that foreclosure will begin on Plaintiff by May 25, 2013. *See,* ¶ 4, page 2, Exhibit N.

64. The aforementioned letter states:

   **"Bank of America, N.A. services the home loan described above on behalf of the holder of the promissory note (the "Noteholder").** [*See,* ¶ 1, page 2, Exhibit N.]

65. Plaintiffs received another QWR response from BANA dated April 18, 2013 which states in part:

   **"Bank of America, N.A. has carefully reviewed the information you provided... We regret that you were dissatisfied with the loan transaction with Bank of America, N.A.. However, Bank of America, N.A.'s response dated April 8, 2013 sufficiently states Bank of America, N.A.'s position regarding this matter..."**[Emphasis added.] [*See,* ¶ 2 & 3, Exhibit O.]

66. Plaintiffs never engaged in a "loan transaction" with BANA.

67. Plaintiffs requested their consumer credit report from all three major credit reporting agencies, Experian, Equifax, and TransUnion.

68. In direct conflict with the Gilchrist Note and Deed of Trust citing Life Mortgage as Lender (originator) and the MERS MIN number indicating Mann Financial the originator (Lender), the Plaintiff's credit reports show BANA as the creditor (Lender/Originator) of the Gilchrist loan reporting to the Credit Reporting Agencies a Mortgage Identification Number: 1000106 and a Freddie Mac ID: 549824510. *See,* Exhibit P.

69. The Plaintiff's credit reports show BANA reporting the Gilchrist loan having opened on 01/2009 with an account number listed as 19676xxxx. *See,* Exhibit P.

Civil Complaint Page - 11

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

70. On May 30, 2013 Plaintiffs sent certified letters to Experian, Equifax, and TransUnion as well as to BANA and BAC Home Loans Servicing LP alleging multiple violations of the FCRA including impermissible credit pulls, and posing as the Lender or Creditor of the Gilchrist loan. The letter disputed BANA as a creditor of the Gilchrist loan and demanded to know exactly the process used by BANA to verify Plaintiff's account with Experian, Equifax, and TransUnion. *See,* Exhibit Q.

71. On May 31, 2013 Plaintiffs sent a certified letter giving BANA a "Notice of Pending Lawsuit".

72. Plaintiffs attached to the "Notice of Pending Lawsuit" the actual Complaint that would be filed with the federal court.

73. The main thrust of the complaint alleged by the Plaintiffs was that BANA had no legal authority to accelerate and foreclose in their name and that they violated section 22 of the Plaintiff's Deed of Trust which states that, "LENDER SHALL GIVE NOTICE" if a default occurs by the borrower.

74. Plaintiffs were requested to not file so BANA could look over the complaint.

75. Plaintiffs were told by representing attorneys of BANA that they would need a few weeks to look over the complaint before discussing the allegations of the complaint with Plaintiffs.

76. On June 18, 2013 an assignment of Plaintiff's Deed of Trust was executed by MERS, Inc. as the assignor for value received as nominee for Life Mortgage. *See,* Exhibit S.

77. The aforementioned assignment of Plaintiff's Deed of Trust was assigned and transferred to BANA.

78. As per BANA's request, the aforementioned assignment was recorded on July 3, 2013 under number 3483604.

Civil Complaint Page - 12

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

79. The aforementioned assignment was being executed during settlement negotiations without the Plaintiffs knowledge.

80. Plaintiffs allege that BANA used the information within the complaint sent by the plaintiffs to form a defense against Plaintiffs by fabricating an assignment of Deed of Trust in order to give Plaintiffs the appearance that BANA has enforcement powers over the Gilchrist loan.

81. On July 3, 2013 The law firm, Witherspoon & Kelley sent a letter to Plaintiffs stating in part:

> **"As stated in our phone conversation, this firm represents Bank of America, N.A. ("BANA"). BANA retained us in the hopes of resolving this matter with you short of litigation."**

> **"PLEASE TAKE NOTICE than unless you dispute the validity of this debt, or any portion thereof, within 30 days of your receipt of this letter, we will assume that the debt is valid....**

> **THE UNDERSIGNED IS ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE."**

82. The letter aforementioned was signed by Christopher G. Varallo. *See,* Exhibit T.

83. Plaintiffs allege that the foregoing BANA copy of the Gilchrist Note and Deed of Trust mentioned in ¶¶ 61 & 62 showing no endorsements and no contractual evidence that BANA is the servicer, does not constitute a proper validation of the "loan transaction" alleged by BANA.

84. BANA retained the law firm, Witherspoon & Kelley & Christopher G. Varallo to continue the collection of a disputed debt that had not been properly validated. Both BANA and Witherspoon & Kelley & Christopher G. Varallo violated FDCPA 15 U.S.C. §1962g(B) Collector must cease collection efforts until debt is validated, 15 U.S.C. §1962f Any unfair or unconscionable means to collect or attempt to collect the alleged debt, and 15 U.S.C. §1692b(2) by contacting and retaining a third party stating that the Plaintiffs owe a debt.

85. On July 15, 2013 Plaintiffs sent a dispute and validation letter to the law firm, Witherspoon & Kelley, and attorney, Christopher G. Varallo. *See,* Exhibit U.

Civil Complaint Page - 13

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

86. In the latter part of June to early July of 2013, Plaintiffs were told by BANA that Plaintiffs complaint had no merit and that they were not willing to negotiate any type of settlement.

87. Plaintiffs told BANA to rethink their position.

88. After some negotiations BANA was willing to make a settlement offer to Plaintiffs based on TCPA claims.

89. On August 13, 2013 the law firm Witherspoon & Kelley sent a validation letter along with the Gilchrist Note and Deed of Trust provided for by BANA and signed by Christopher G. Varallo.

90. The August 13, 2013 letter stated that the law firm Witherspoon & Kelley & Christopher G. Varallo were attempting to collect a debt. *See,* Exhibit V.

91. The August 13, 2013 letter from Witherspoon & Kelley contained a copy of the Gilchrist Note and Deed of Trust provided for by BANA showing no endorsements nor any documented evidence that BANA is the servicer of the Gilchrist loan, thus violating again the FDCPA.

92. On or around August 19, 2013 settlement negotiations with BANA broke down because Plaintiffs desired more time to investigate significant irregularities in the history of the Gilchrist loan.

93. On October 11, 2013 Plaintiffs sent a certified letter to BANA requesting the MERS milestone report for the Gilchrist loan. *See,* Exhibit W.

94. Plaintiffs never received any contact from a MERS representative.

95. On November 20, 2013 BANA sent Plaintiffs a certified letter of <u>NOTICE OF INTENT TO ACCELERATE</u>. The letter states in part:

96.
    **"Bank of America, N.A. services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). ... If the default is not cured on or before December 30, 2013, the mortgage payments will be accelerated with the full amount of the loan remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of**

Civil Complaint Page - 14

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

**your property."** [*See,* Exhibit Y.]

97. On December 7, 2013 Plaintiffs received by FedEx a "Trial Period Plan" loan modification package from BANA. *See,* Exhibit EE.

98. This package included the same third party debt collector attempting to collect a debt listed in the March 8, 2013 BRP from BANA. *See,* ¶¶s 44-54.

99. Plaintiffs allege that BANA violated FDCPA 15 U.S.C. §1692g(B) and 15 U.S.C. §1692f by sending the aforementioned "Trial Period Plan" package.

100.    Plaintiffs allege that BANA violated the Washington State Deed of Trust Act by offering a loan modification trial period during the same time frame that BANA stated it would foreclose.

101.    Plaintiffs allege that **IF** BANA is the authorized agent of the Beneficiary of the Gilchrist loan, then BANA violated the CPA by its violation of RCW 61.24.031 in which it did not list the mandated paragraphs required in (1)(c)(i) and (1)(c)(iv) of RCW 61.24.031.

102.    Plaintiffs allege that **IF** Freddie Mac is the beneficiary, then by demanding its servicer, who only acts in a custodial fashion with the Gilchrist loan, to foreclose in the servicer's name violated the CPA by its violation of RCW 61.24.031 in that it did not contact the Plaintiffs directly as the beneficiary nor did it give its servicer the proper "agency status" to constitute a legal contact as an agent of the beneficiary.

103.    On December 6, 2013 Plaintiffs received another letter from BANA in which BANA claimed it has the right to foreclose on the Gilchrist loan.

104.    The BANA December 6, 2013 letter states:

> **"Bank of America, N.A. services your mortgage loan. You signed a promissory note secured by a mortgage or deed of trust or other security instrument.  Bank of America, N.A. intends to**

Civil Complaint Page - 15

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

initiate a foreclosure on the mortgaged property in the name of: BANK OF AMERICA, N.A. ("Noteholder").
Noteholder, directly or through an agent has possession of the promissory note. The promissory note has been duly indorsed." [*See*, section 1., Exhibit Z.]

1

2    105.    "Noteholder" is defined in the Gilchrist Note as:

3    **"anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Noteholder".** [*See*, ¶ 1., Exhibit A.]

4
     106.    Plaintiffs allege that the definition of "Noteholder" as it is defined in the Gilchrist Note,
5
     is the same meaning given to a Benefactor as defined in UCC § 3-301.

6
     107.    Plaintiffs allege that the only party entitled to receive income or payments and thereby
7
     enforce the Gilchrist loan is the "Noteholder".

8    108.    BANA defines in the aforementioned Acceleration letters that the "Noteholder" is the

9    holder of the "Promissory Note".

10   109.    Life Mortgage has stated in ¶ 38 that the Gilchrist loan was funded on January 28, 2009

11   and then was immediately sold to BANA on February 10, 2009.

12   110.    Freddie Mac, in ¶ 40 claims they own the Gilchrist loan.

13   111.    In both Acceleration & Foreclosure letters sent by BANA to Plaintiffs dated April 15,

     2013 and November 20, 2013, BANA states in both letters that they are NOT the "Noteholder"
14
     but rather the servicer of the "Noteholder". [*See*, ¶ 1, Exhibit N, ¶ 1, Exhibit Y.]
15
     112.    BANA has stated repeatedly that they are only the servicer of the "Investor", Freddie
16
     Mac.
17
     113.    Plaintiffs allege that the Freddie Mac terms state that a servicer, like BANA, functions in
18
     a custodial capacity only and holds no "agency status" with the powers of a "Noteholder" to
19
     receive payments or to enforce as defined in UCC § 3-301.

20
     Civil Complaint Page - 16
21
                                                    David T. Gilchrist & Leanne L. Gilchrist
                                                                       457 21ˢᵗ Ave
                                                                   Longview, WA 98632
22                                                                    360-423-1196

114.    The aforementioned December 6 letter from BANA claims that BANA is now the

"Noteholder" of the Gilchrist Note and that the Gilchrist Note has been duly endorsed.

115.    Plaintiffs allege that BANA cannot be the "Noteholder" while at the same time stating

that Freddie Mac is the "Noteholder" while at the same time functioning as a servicer in a

custodial capacity for an alleged Benefactor of the Gilchrist loan.

116.    BANA's confusing correspondences with Plaintiffs about the Note and Noteholder have

raised serious concerns as to who is the real Benefactor of the Gilchrist loan.

117.    Plaintiffs allege that if BANA is the new "Noteholder" then Freddie Mac violated the

Truth and Lending Act 15 U.S.C. §1641(TILA) Section 131g.

118.    Plaintiffs allege that other undisclosed MERSCORP, Inc. members violated the Truth

and Lending Act 15 U.S.C. §1641(TILA) Section 131g when purportedly transferring the

Gilchrist Note and Deed of Trust among MERSCORP, Inc. members after May 19, 2009.

119.    Plaintiffs allege that BANA does not hold possession (enforcement authority) of the

Gilchrist Promissory Note as defined by UCC § 3-301.

120.    Plaintiffs allege that all Defendants listed herein do not hold possession (enforcement

authority) of the Gilchrist Promissory Note as defined by UCC § 3-301.

121.    Plaintiffs allege that if BANA is a valid functioning servicer, then BANA functions only

in a custodial fashion with regard to the Gilchrist loan and has no "agency status" or powers of

a Lender to foreclose.

122.    Based upon all the foregoing allegations, Plaintiffs allege that BANA violated FDCPA

15 U.S.C. §1692e(5) by Threatening to take an action that cannot legally be taken or that is not

intended to be taken.

Civil Complaint Page - 17

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

123.    Based upon all the aforementioned allegations, Plaintiffs allege that BANA violated
FDCPA 15 U.S.C. §1692f(6) by Taking or threatening to unlawfully repossess or disable the
consumer's property.

## FACTUAL ALLEGATIONS FOR INVALID ASSIGNMENT OF DEED OF TRUST

124.    Plaintiffs re-allege that on June 18, 2013 an assignment of Plaintiff's Deed of Trust was
executed by MERS, Inc. as the assignor for value received as nominee for Life Mortgage. *See,*
Exhibit S.

125.    The aforementioned assignment of Plaintiff's Deed of Trust was assigned and transferred
to BANA.

126.    Trisha Jackson as Assistant Secretary of MERS, Inc. as nominee for Life Mortgage,
executed the aforementioned assignment of Deed of Trust on June 18, 2013.

127.    California Notary Public J. Mastrolonardo notarized Trisha Jackson's signature under
penalties of perjury on the aforementioned assignment.

128.    The aforementioned assignment was recorded on July 3, 2013 under number 3483604.

129.    Trisha Jackson is purportedly an employee of MERS, Inc. functioning in the capacity of
Assistant Secretary of MERS, Inc. *See,* Exhibit S.

130.    MERS Treasurer William C. Hultman stated in a deposition that MERS, Inc. has never
had any employees.

131.    R.K. Arnold. C.E.O. Of MERS, stated before the Senate Committee on Banking,
Housing and Urban Affairs on November 16, 2010 that MERS, Inc. has 20,000 certifying
officers who are not temporary employees.

Civil Complaint Page - 18

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

132.     Plaintiffs allege that these 20,000 certifying officers for MERS, Inc. are MERSCORP, Inc. members' employees or third party agents retained by the "Servicers" who service mortgage loans for MERSCORP Inc. members such as Mann Financial, BANA, and Freddie Mac.

133.     Plaintiffs allege that Trisha Jackson is not an employee of MERS, Inc.

134.     Plaintiffs allege that Trisha Jackson is an employee of BANA or Freddie Mac.

135.     Plaintiffs allege that if Trisha Jackson is not an employee of BANA or Freddie Mac then MERSCORP, Inc. member BANA or Freddie Mac hired an alleged Trisha Jackson to perpetrate themselves as a Certifying Officer of MERS, Inc. to function in the alleged capacity of a fictional officer called "Assistant Secretary", for a corporation called MERS, Inc. that has no employees, gives no offers of consideration, receives no income, and owns nothing.

136.     A sampling of Jackson's purported signature from Registries of Deeds around the country revealed a wide variance in signatures and entities signed for. *See,* Exhibit FF.

137.     The signatures are noticeably different than the purported signature on the Gilchrist Assignment of Deed of Trust indicating more than one person may be signing Jackson's signature.

138.     Jackson has been retained by BANA to sign for other assignments in the capacity of a certifying officer of Mortgage Electronic Registration Systems, Inc and/or MERS, Inc. as Nominee for various entities.

139.     Plaintiffs allege that Trisha Jackson's signature is fraudulant.

140.     California Notary Public J. Mastrolonardo notarized Jackson's signature.

141.     A sampling of Mastrolonardo's purported signature from Registries of Deeds around the

Civil Complaint Page - 19

David T. Gilchrist & Leanne L. Gilchrist
457 21ᵉ Ave
Longview, WA 98632
360-423-1196

country also revealed a variance in the notary signature. *See,* Exhibit GG.

142.    Mastrolonardo has notarized for well known "Robo-signing" BAC/Bank of America employees such as Bud Kamyabi who used MERS titles to assign mortgages to BANA while working for BANA. *See,* sample 2, Exhibit GG.

143.    Plaintiffs allege that California Notary Public J. Mastrolonardo's signature is fraudulent.

144.    Plaintiffs allege that the executed assignment of Deed of Trust on June 18, 2013 is in direct conflict with the Freddie Mac Self Loan Lookup showing Freddie Mac claims to own the Gilchrist loan with a settlement date of March 27, 2009. *See,* Exhibit H.

145.    Plaintiffs allege that if Life Mortgage sold the Gilchrist Note and Deed of Trust to BANA and BANA in turn sold the Gilchrist Note and Deed of Trust to Freddie Mac, then the Gilchrist Note and Deed of Trust could not have been both in Freddie Mac's possession since March 27, 2009 and at the same time been transferred by MERS, Inc., as nominee for Life Mortgage for value received to Bank of America, N.A. on June 18, 2013.

146.    Plaintiffs allege that Life Mortgage had no knowledge of MERS, Inc. executing an Assignment of Plaintiff's Deed of Trust to BANA as an assignor for value received as nominee for Life Mortgage on June 18, 2013.

147.    Plaintiffs allege that the June 18, 2013 assignment of Deed of Trust is fraudulent.

### FACTUAL ALLEGATIONS FOR NON-CONFORMITY TO U.C.C. 3-203(a)(b) & (d) AND VIOLATIONS OF RCW 62A.3-203 OF THE WASHINGTON STATE STATUTE OF FRAUDS

148.    MERS, Inc., under the direction of MERSCORP, Inc., states in the Plaintiffs' Deed of Trust that:

Civil Complaint Page - 20

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

> "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument...**" [*See*, sec. (E), Exhibit C.]

149.     The definition of "Beneficiary" according to Black's Law Dictionary 8th Edition, page 468, states in part:

> "**beneficiary, n 1. A person for whose benefit property is held in trust; esp., one designated to BENEFIT from an appointment, disposition, or ASSIGNMENT ... , or to RECIEVE SOMETHING as a result of a legal arrangement or instrument.... 3. A person who is initially entitled to enforce a promise...**" [emphasis added].

150.     The definition of "Nominee" according to Black's Law Dictionary 8th Edition, page 3325, states in part:

> "**nominee, n. 2. A person designated to act in place of another, usually in a very limited way. 3. A party who holds bare legal title for the benefit of others...**"

151.     MERS, Inc., under the direction of MERSCORP, Inc., states in the Plaintiffs' Deed of Trust that:

> "**Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom....MERS... has the right to foreclose and sell property**" [Emphasis added.] [*See*, ¶ 3, page 3, Exhibit C.]

152.     Based on all the foregoing, Plaintiffs did not understand in 2009, nor do they understand now how MERS can function as stated in ¶ 152.

153.     Plaintiffs allege that a mortgage assignment or conveyance is a contract.

154.     Plaintiffs allege that all contracts require an offer, acceptance and consideration to be enforced.

155.     According to MERS, Inc.'s own statements, MERS, Inc. is incapable of "offering" or "consideration" because it does not own any promissory notes secured by Mortgages it allegedly tracks.

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

156.    According to MERS, Inc.'s own statements, MERS, Inc. has no right to payments made of any note that secures a recorded mortgage.

157.    Plaintiffs allege that according to U.C.C. 3-203(a)(b) & (d) and RCW 62A.3-203 a proper conveyance of the full beneficial interest of a mortgage loan ("true sale") occurs when the beneficiary creates an properly written assignment that relinquishes the last recorded owner's interest in the security instrument and is also signed by the authorized officer of the said beneficiary.

158.    Plaintiffs allege that in order for MERS, Inc. to assign the Gilchrist's Deed of Trust to any party for value received as nominee for Life Mortgage, MERS, Inc. would have to present an **"offer"** for **"consideration"** as the nominee of Life Mortgage to the party receiving the assignment.

159.    Plaintiffs allege that MERS, Inc. received no authorization from Life Mortgage to act in the capacity of a nominee for Life Mortgage assigning for value received the Gilchrist loan to BANA.

160.    Plaintiffs allege that MERS, Inc. received no authorization from BANA to act in the capacity of a nominee for BANA assigning for value received the Gilchrist loan to Freddie Mac.

161.    Plaintiffs allege that MERS, Inc. received no authorization from Life Mortgage to act in the capacity of a nominee for Life Mortgage assigning for value received the Gilchrist loan to Freddie Mac.

162.    **If** MERS did have authorization to function as stated in ¶ 152 and act as nominee for Life Mortgage when Life Mortgage sold the loan to BANA on February 10, 2009, then MERSCORP, Inc, and MERS, Inc, with the sale of the Gilchrist loan as nominee for Life

Civil Complaint Page - 22

David T. Gilchrist & Leanne L. Gilchrist
457 21ᵉ Ave
Longview, WA 98632
360-423-1196

Mortgage sold its beneficiary rights away to BANA and became a stranger to the Gilchrist loan

as of February 10, 2009.

163.     MERS, Inc.'s Terms and Conditions state in part that:

> "MERS specifically states in Defining the Mortgage Electronic Registration System, once in the MERS System, MERS becomes the Mortgagee of record for its members, but the original lender or subsequent party who purchased the note retains physical possession of the note.

164.     Plaintiffs allege that unless a "True Sale" according to U.C.C. § 3-203(a)(b) & (d) and

RCW 62A.3-203 ever occurred from the inception of the Gilchrist loan, then no party outside of

Mann Financial can claim "Noteholder" status.

165.     Based upon all foregoing allegations, Plaintiffs allege that Mann Financial, LLC did not

conform to U.C.C. 3-203(a)(b) & (d) and violated RCW 62A.3-203 by not properly conveying

the full beneficial interest of the Gilchrist loan to Life Mortgage.

166.     Plaintiffs allege that Life Mortgage did not conform to U.C.C. 3-203(a)(b) & (d) and

violated RCW 62A.3-203 by not properly conveying the full beneficial interest of the Gilchrist

loan to BANA.

167.     Plaintiffs allege that BANA did not conform to U.C.C. 3-203(a)(b) & (d) and violated

RCW 62A.3-203 by not properly conveying the full beneficial interest of the Gilchrist loan to

Freddie Mac.

168.     Plaintiffs allege that Life Mortgage did not conform to U.C.C. 3-203(a)(b) & (d) and

violated RCW 62A.3-203 by not properly conveying the full beneficial interest of the Gilchrist

loan to Freddie Mac.

169.     Plaintiffs allege that based upon all the foregoing allegations, there is no support to

claim that Freddie Mac has legitimate ownership of the Gilchrist loan or that FHLMC S/A-

Civil Complaint Page - 23

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

3DAY ARC-150847 is the "Investor" of the Gilchrist loan. *See,* ¶ 1, page 6, Exhibit L

170.     Plaintiffs' alleged claims in all the foregoing paragraphs refute BANA's claim to have authority to collect monthly mortgage payments on behalf of the named Investor FHLMC S/A-3DAY ARC-150847.

171.     Plaintiffs allege that due to all the foregoing allegations, BANA violated multiple sections of the FDCPA including but not limited to 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) and caused damages of approximately $40,000 dollars to Plaintiffs for monthly payments dating back from February 2009 through March 2013.

172.     If Freddie Mac can prove ownership of the Gilchrist Note and Deed of Trust with a Settlement Date of 03/27/2009 and that the "Investor" is FHLMC S/A-3DAY ARC-150847, then Plaintiffs allege that the Gilchrist Mortgage Loan was securitized by Freddie Mac and other undisclosed relevant parties to the subject transaction.

173.     Plaintiffs allege the word, "Securitization" to mean the following:

> **"Securitization involves one or more "true sales" that are designed to move the Mortgage Loans away from the originating Lender and into a bankruptcy remote Qualified Special Purpose Entity commonly referred to as the Issuing Entity. The purpose of the Issuing Entity is to hold the assets securely on behalf of investors who purchase securities backed by the Mortgage Loans."**

174.     If Freddie Mac can prove itself the owner of the Gilchrist loan, then Plaintiffs allege that the origination of the Gilchrist loan was financially insured by an undisclosed wholesale lender to allow Mann Financial to originate the Gilchrist loan without risk, who then bifurcated the Gilchrist loan at "closing" with Life Mortgage in order for the Note to then be transferred into a securitized loan pool known as a REMIC or PC.

175.     Plaintiffs also allege that an undisclosed Freddie Mac Trust holds the Gilchrist Note and

Civil Complaint Page - 24

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

acts as the Depositor, Issuer and Trustee for the Master Trust.

176.    Plaintiffs, through discovery, intend to locate the specific pool or REMIC or specific Trust that the Gilchrist Note is held in as well as the terms and conditions and Trust agreement.

177.    Based on all the foregoing, Plaintiffs allege that a bifurcation of the Gilchrist Note and Deed of Trust took place at the inception of the loan and that Chain of Title is impaired due to the lack of any credible and valid documentation that documents the complete, unbroken chain of ownership, transfers, and deliveries of the Gilchrist Note and Deed of Trust.

## COUNT I
## VIOLATIONS OF FDCPA

178.    All factual allegations are re-alleged as though fully set forth herein.

179.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

180.    Defendants BANA, Witherspoon·Kelley and Christopher G. Varallo are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6)

181.    Defendants BANA, Witherspoon·Kelley and Christopher G. Varallo violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant BANA violated **15 U.S.C. §1692b(2)** by contacting and retaining a third party stating that the Plaintiffs owe a debt.

(b) Defendant BANA violated **15 U.S.C. §1692e** for using false, deceptive or misleading representation or means in connection with a debt collection.

(c) Defendants BANA, Witherspoon·Kelley and Christopher G. Varallo violated **15 U.S.C. §1692g(B)** by continuing a collection action without a proper validation of the debt.

(d) Defendants BANA, Witherspoon·Kelley and Christopher G. Varallo violated

Civil Complaint Page - 25

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

15 U.S.C. §1692f for unfair or unconscionable means to collect or attempt to collect the alleged debt.

182.     Defendants BANA violated **15 U.S.C. §1692e(5)** for threatening to take an action that cannot legally be taken or that is not intended to be taken.

183.     Defendants BANA violated **15 U.S.C. §1692f(6)** for threatening to unlawfully repossess or disable the consumer's property.

WHEREFORE, Plaintiffs demand injunctive relief and judgment of statutory and actual damages pursuant to 15 U.S.C. §1692k of $41,000, payable by Defendant, BANA, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

WHEREFORE, Plaintiffs demand judgment of statutory damages pursuant to 15 U.S.C. §1692k of $1,000, payable by Defendant, Witherspoon·Kelley, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

WHEREFORE, Plaintiffs demand judgment of statutory damages pursuant to 15 U.S.C. §1692k of $1,000, payable by Defendant, Christopher G. Varallo, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

## FACTUAL ALLEGATIONS FOR TCPA VIOLATIONS

184.     From February of 2012 through April of 2013 BANA called Plaintiff's cell phone over 100 times.

185.     Plaintiffs state that the aforementioned calls to Plaintiff's cell phone often times occurred 3 times a day for several days in a row.

186.     Plaintiffs never gave BANA "express consent" to call Plaintiff's cell phone.

Civil Complaint Page - 26

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

187.    The legal definition of "express consent" according to Black's Law Dictionary 8th

Edition, page 919, states in part:

> "express consent" means "Consent that is **clearly** and **unmistakably** **stated**" [Emphasis added.]

188.    Plaintiffs started "logging" calls from BANA on February 11, 2013.

189.    From February 11, 2013 to February 20, 2013 BANA called Plaintiff's cell phone

11 times

190.    The 11 calls aforementioned took place on the following dates and times and shows the number that the caller called from listed below:

> a) February 11, 2013 at 4:54 PM from 800-669-0102
> b) February 12, 2013 at 2:23 PM from 800-669-0102
> c) February 13, 2013 at 4:41 PM from 800-669-0102
> d) February 13, 2013 at 8:33 PM from 800-669-0102
> e) February 14, 2013 at 12:26 PM from 800-669-0102
> f) February 14, 2013 at 4:46 PM from 800-669-0102
> g) February 15, 2013 at 12:52 PM from 877-481-2174
> h) February 16, 2013 at 11:05 AM from 800-669-0102
> i) February 17, 2013 at 6:56 PM from 800-669-0102
> j) February 20, 2013 at 9:59 AM from 800-669-0102
> k) February 20, 2013 at 6:55 PM from 800-669-0102

191.    Plaintiffs, through discovery of BATES records with BANA, will be able to ascertain the

exact amount of calls from BANA to Plaintiff's cell phone.

192.    On or about February 20, 2013 Plaintiffs verbally requested that BANA stop calling

Plaintiff's cell phone.

193.    From February 22, 2013 through February 25, 2013 Plaintiffs logged 7 more calls from

BANA to Plaintiff's cell phone.

194.    The 7 calls logged from February 22, 2013 through February 25, 2013 took place on the

following dates and times and shows the number that the caller called from listed below:

Civil Complaint Page - 27

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

**a) February 22, 2013 at 9:53 AM from 800-669-0102**
**b) February 22, 2013 at 5:25 PM from 800-669-0102**
**c) February 23, 2013 at 8:26 AM from 800-669-0102**
**d) February 25, 2013 at 9:36 AM from 800-669-0102**
**e) February 25, 2013 at 2:24 PM from 800-669-0102**
**f) February 25, 2013 at 6:48 PM from 800-669-0102**
**g) February 25, 2013 at 8:21 PM from 800-669-0102**

195.    On February 26, 2013 Plaintiff sent a letter by Certified mail to BANA confirming

Plaintiff's verbal request. [*See*, Exhibit AA.]

196.    Delivery of the letter to BANA was confirmed by USPS with a signed certified return

receipt slip, signed on March 1, 2013. [*See*, Exhibit BB.]

197.    In the second week of March 2013 Plaintiff received a letter from BANA

acknowledging receipt of Plaintiff's demand to cease and desist communications which stated:

**"We received your request that we cease initiating verbal communication with you**
**regarding your loan. We have updated our records per your request."**
[*See*, Exhibit CC.]

198.    From March 11, 2013 to April 1, 2013 Plaintiff received 8 more phone calls from BANA

violating 47 U.S.C. §227(b)(3)(C) as well as 47 U.S.C. §227(b)(1)(A)(iii) that took place on the

following dates and times and shows the number that the caller called from listed below:

**a) March 18, 2013 at 2:58 PM from 877-669-0102**
**b) March 20, 2013 at 12:23 PM from 877-669-0102**
**c) March 20, 2013 at 4:08 PM from 877-669-0102**
**d) March 20, 2013 at 7:22 PM from 877-481-2174**
**e) March 25, 2013 at 1:36 PM from 877-669-0102**
**f) March 25, 2013 at 7:43 PM from 877-669-0102**
**g) March 25, 2013 at 8:27 PM from 877-669-0102**
**h) April 1, 2013 at 8:52 AM from 877-669-0102**

199.    Plaintiffs allege that BANA uses an Automated Telephone Dialing System (hereinafter

ATDS)

200.    Plaintiffs allege that if BANA does not Automate all telephone calls the system they use

Civil Complaint Page - 28

has the capability to function as an ATDS.

201.   Plaintiffs allege that BANA violated 47 U.S.C. §227(b)(1)(A)(iii) by using an ATDS or a system that had the capability of functioning as an ATDS to call Plaintiff's cell phone.

202.   The calls to Plaintiff's cell phone were not calls made for emergency purposes.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)  47 U.S.C. § 227(b)(1)(A)(iii)

203.   Plaintiff re-alleges and restates all the foregoing allegations and jurisdictional allegations.

204.   Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using an automatic telephone dialing system to call Plaintiff's cell phone.

205.   Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(3)(C) by using an automatic telephone dialing system to call Plaintiff's cell phone more than once in a twelve month period after being notified to stop.

WHEREFORE, Plaintiffs demand judgment of treble damages of $1,500 per call of all calls discovered in discovery up to February 20, 2013 and all calls from March 11, 2013 to the present $3,000, payable by Defendant, BANA, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

## FACTUAL FCRA ALLEGATIONS

206.   Plaintiff re-alleges and restates all the foregoing allegations and jurisdictional allegations.

Civil Complaint Page - 29

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

207.     Plaintiff Mr. Gilchrist obtained his consumer credit reports from the three major credit

reporting agencies and found Account Review Inquires by BAC Home Loans Servicing LP and

Freddie Mac. [*See*, Exhibit DD.]

208.     Plaintiff found after examination of his Experian consumer credit report that Defendant

FREDDIE MAC had obtained Plaintiff's Experian consumer credit report on May 14, 2013.

209.     Plaintiff found after examination of his Equifax consumer credit report that Defendant

FREDDIE MAC had obtained Plaintiff's Equifax consumer credit report on May 7, 2013,

September 3, 2013.

210.     Plaintiff found after examination of his Experian consumer credit report that Defendant

BAC Home Loans Servicing LP had obtained Plaintiff's Experian consumer credit report on

September 13, 2011.

211.     Plaintiff found after examination of his TransUnion consumer credit report that

Defendant BAC Home Loans Servicing LP had obtained Plaintiff's TransUnion consumer credit

report on February 22, 2013, September 4, 2013 and October 15, 2013 .

212.     Discovery of violations brought forth herein occurred on or around October 11, 2013

and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p and

RCW 19.182.120

213.     On October 11, 2013 Plaintiff sent a certified letter to Freddie Mac disputing credit pulls

by Freddie Mac. *See,* Exhibit X.

214.     Plaintiff has never received any response from Freddie Mac or BAC Home Loans

Servicing, LP regarding the QWRs sent or the FCRA letter disputing Freddie Mac's

impermissible credit pulls.

Civil Complaint Page - 30

215.    Plaintiff has no contractual agreement of any kind with BAC Home Loans Servicing LP

216.    Plaintiff has had no business transactions with BAC Home Loans Servicing LP

217.    Plaintiff has no contractual agreement of any kind with Freddie Mac

218.    Plaintiff has had no business transactions with Freddie Mac

219.    The FCRA makes no distinctions regarding inquiries into a persons credit report.

220.    15 USC §1681b(a)(3)(A) states that any consumer reporting agency may furnish a

consumer report under the following circumstances and no other:

> **"(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of <u>an account</u> of, the consumer;**[emphasis added]

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),
## 15 U.S.C. §1681

221.    Plaintiff re-alleges and restates all the foregoing allegations and jurisdictional

allegations.

222.    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

223.    BAC Home Loans Servicing LP willfully and/or negligently violated

15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as

defined by 15 U.S.C. §1681b.

224.    Freddie Mac willfully and/or negligently violated 15 U.S.C. §1681b(f) by obtaining

Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, BAC Home Loans

Servicing LP for statutory damages of $4,000.00 pursuant to 15 U.S.C. §1681 and any attorney's fees

and such other and further relief as the Court may deem reasonable and just under the circumstances.

Civil Complaint Page - 31

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Freddie Mac for statutory damages of $3,000.00 pursuant to 15 U.S.C. §1681 and any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT IV
## VIOLATIONS OF THE WFCRA

225.    Plaintiff re-alleges and restates all the foregoing and jurisdictional allegations.

226.    Plaintiff is a consumer within the meaning of the RCW 19.182.010(3)

227.    Experian, Equifax, and TranUnion are credit reporting agencies within the meaning of RCW 19.182.010(5)

228.    A consumer credit report is a consumer report within the meaning of the RCW 19.182.010(4)(a)

229.    The RCW 19.182.020 defines the permissible purposes for which a person may obtain a consumer credit report.

230.    Defendants Freddie Mac and BAC Home Lending Services LP obtained Plaintiff's consumer credit reports with no permissible purpose under RCW 19.182020.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, BAC Home Loan Services LP for statutory damages of $4,000.00 pursuant to RCW 19.182.150 and any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Freddie Mac for statutory damages of $3,000.00 pursuant to RCW 19.182.150 and any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT V
## CONSPIRACY OF FRAUD

Civil Complaint Page - 32

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

231.    Plaintiff re-alleges and restates all the foregoing allegations and jurisdictional allegations.

232.    Plaintiffs allege that MERSCORP, Inc. encouraged its members like Mann Financial, BANA, Freddie Mac and other undisclosed entities, to engage in fraudulent mortgage conveyances of the Gilchrist loan by willfully disregarding the Statute of Frauds in property dealings.

233.    MERSCORP, Inc. encouraged members like BANA and Freddie Mac when they colluded together to use deceitful and unlawful practices impersonating a Mortgage Creditor in Plaintiff's credit report and Home Owners Insurance Policy.

234.    MERSCORP, Inc. encouraged members like BANA to engage in unlawful and sometimes malicious collection practices of the alleged and unvalidated, outstanding debt of the Gilchrist loan.

235.    MERSCORP, Inc. directly benefited from the practice of "pretender Lenders", like Life Mortgage, by removing themselves from the financial burden of "Lender" status by falsely stating in writing in the Plaintiffs' Deed of Trust that Life Mortgage would originate the Gilchrist loan knowing that Mann Financial, Inc. would be the real originator.

236.    Thereby, Life Mortgage, no longer limited by financial constraints as a loan originator, can facilitate hundreds or thousands of loans without risking any capital as a Lender.

237.    This paradigm allowed MERSCORP, Inc. and its true "originator" of the Gilchrist loan to enrich itself by engaging in the practice of unfair and deceptive property conveyances all hidden behind the non-public MERS® System while the public and the Plaintiffs only see the

Civil Complaint Page - 33

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

"pretender lenders" and MERS, Inc. on their Deed of Trust.

238.     MERSCORP, Inc. members encouraged "pretender lenders" like Life Mortgage to create as many loans possible for Securitization, knowing that any improper "True Sales" and conveyances and servicing assignments of mortgages like the Gilchrist loan would be hidden inside of the MERS® System and out of the public's view.

239.     In this conspiracy of fraud, "pretender lenders" like Life Mortgage are rewarded with risk free "loan origination fees" from legions of consumers like the Plaintiffs without having to give real "offers" or "considerations" for the alleged "Lending" they are about to engage in.

240.     Mann Financial, Inc., the real originator,  then worked in concert with undisclosed entities along with BANA and Freddie Mac to purposefully bifurcate hundreds, if not thousands of Notes from their respected Mortgages or Deeds of Trust like the Gilchrist loan in order to satisfy the high and rapid demand for Mortgage Backed Securities.

241.     The alleged "True Sales" of the Gilchrist loan were conveyed improperly in order to meet the strict "pooling & servicing" rule requirements in undisclosed Trust accounts located within Freddie Mac.

242.     The expedient loan origination and fraudulent assignments of the Gilchrist loan, purposefully hidden from the public, make for larger and quicker cash flows coming from undisclosed "Investors" who purchase certificates in undisclosed Mortgage Backed Security Trusts where the Gilchrist Note is allegedly held.

243.     Plaintiffs payed a total sum of $7,964.52 based upon the false statement that Life Mortgage would originate the Gilchrist loan. [*See,* Exhibit B.]

244.     Plaintiffs allege that Life Mortgage and Mann Financial knew that the statements on the

Civil Complaint Page - 34

Plaintiffs' Deed of Trust and Note were false with regard to Lender or originator of the loan.

245.     Plaintiffs allege that Life Mortgage, Mann Financial, BANA, Freddie Mac and MERSCORP, Inc. had a vested interest in the Plaintiffs relying on the aforementioned false statements in the Gilchrist's Note and Deed of Trust.

246.     Plaintiffs allege that while the fraudulent transfers of the Gilchrist mortgage were taking place through the non-public MERS® System, the Plaintiffs had a justifiable reason to act in reliance of the false statements in their original Deed of Trust recorded in the County records which showed Life Mortgage as the Lender of the Gilchrist loan.

247.     Plaintiffs suffered damages of $7,964.52 and a clouded title by relying on said false statement.

WHEREFORE, Plaintiff demands judgment for actual damages against Defendants, MERSCORP Holdings, Inc., BANA, Freddie Mac, Mann Financial, and Life Mortgage for a trebling of actual damages of $7,964.52, payable by each Defendant stated herein, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT VII
## LIFE MORTGAGE'S BREACH OF COVENANT
## OF GOOD FAITH AND FAIR DEALING

248.     Plaintiff re-alleges and restates all the foregoing allegations and jurisdictional allegations.

249.     The Plaintiffs made a written agreement with Life Mortgage to receive an origination of loan from them for a total payment of $7,964.52.

Civil Complaint Page - 35

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

250.    Implied within any agreement between the Plaintiff and Life Mortgage were the covenants of good faith and fair dealing. As such, each party had a duty of good faith and fair dealing. Good faith and fair dealing, in connection with discharging contractual performance and other duties according to the contract's terms, prohibits a party from taking an action or making any omission or engaging in any conduct which would have the effect of destroying or injuring the other party's right to obtain the benefits prescribed by the terms of the contract.

251.    Plaintiffs allege that Life Mortgage provided false statements on the Gilchrist Deed of Trust and Note by proclaiming themselves as the Lender and by committing the action of omission as to who would be the originator (Lender) of the Gilchrist loan. Because of this and all the foregoing, Plaintiffs have sustained monetary damages as well as property damage as a result of Life Mortgage's breach of the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Life Mortgage for actual damages of $7,964.52 pursuant to the governing laws of Washington State and any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT VIII
## VIOLATIONS OF THE CONSUMER PROTECTION ACT

252.    Plaintiffs re-allege and restates all the foregoing allegations and jurisdictional allegations.

253.    Plaintiffs allege that all the foregoing violations by Defendants listed herein are unfair and/or deceptive.

David T. Gilchrist & Leanne L. Gilchrist
457 21st Ave
Longview, WA 98632
360-423-1196

254.     Plaintiffs allege that all the foregoing violations by Defendants listed herein have

occurred in trade or commerce with the Plaintiffs.

255.     Plaintiffs allege that all the foregoing violations by Defendants listed herein have a

direct effect on the public interest in that these violations are not singular to the Plaintiffs' case

but are routine practices of the Defendants and have an enormous impact on the lives and

commerce of those in Washington State.

256.     Plaintiffs allege that all the foregoing violations by Defendants listed herein caused

injury to Plaintiffs' property by clouding the Title to the Gilchrist loan and causing money

damages to Plaintiffs.

257.     Plaintiffs allege that all the foregoing violations by Defendants listed herein were a

direct cause of injury to Plaintiff's property and/or finances.

258.     Plaintiffs are natural persons within the meaning of RCW 19.86.010

259.     The following Defendants are defined as a "Person" and engage in "commerce" for acts

of "services" as defined by RCW 19.86.010

     a) Life Mortgage
     b) BANA
     c) BAC Home Loans Servicing, LP
     d) MERSCORP Holdings, Inc.
     e) Freddie Mac
     f) Mann Financial
     g) Witherspoon·Kelley
     h) Christopher G. Varallo

260.     Defendants violated the Consumer Protection Act RCW 19.86.020 unfair methods of

competition, and unfair or deceptive practices in the conduct of any trade or commerce.

261.     Defendants violated the Consumer Protection Act RCW 19.86.093(1)(2)(3)a unfair or

deceptive act.

Civil Complaint Page - 37

David T. Gilchrist & Leanne L. Gilchrist
457 21ˢᵗ Ave
Longview, WA 98632
360-423-1196

WHEREFORE, Plaintiffs demand judgment for actual damages of $40,000, for a trebling of the $2,000 per violation of the CPA for all unfair or deceptive acts, including all FDCPA, FCRA, WFCRA and TCPA violations listed herein against Defendant, BANA, and for trebling damages of not more than $25,000 for the actual damages of $40,000 for servicing violations, payable by Defendant, BANA, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

WHEREFORE, Plaintiffs demand judgment for a trebling of the $2,000 per violation of the CPA of all unfair and deceptive violations attributed to Life Mortgage listed herein, that fall within the statute of limitations, payable by Defendant, Life Mortgage, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

WHEREFORE, Plaintiffs demand judgment for statutory damages of all unfair or deceptive acts listed herein, that fall within the statute of limitations, against Defendant, Mann Financial, for a trebling of the $2,000 per violation of the CPA, payable by Defendant, Mann Financial, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

WHEREFORE, Plaintiffs demand judgment for statutory damages against Defendant, BAC Home Loans Servicing LP, for a trebling of the $2,000 per violation of the CPA, per violation of the FCRA and for posing as a Lienholder/Mortgagee on the Plaintiffs' Home Insurance for each year, payable by Defendant, BAC Home Loans Servicing LP, together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

WHEREFORE, Plaintiffs demand judgment for statutory damages for all unfair or deceptive acts stated herein, including all FCRA and WFCRA violations listed herein against Defendant, Freddie

Civil Complaint Page - 38

David T. Gilchrist & Leanne L. Gilchrist
457 21ᵉ Ave
Longview, WA 98632
360-423-1196

Mac, for a trebling of the $2,000 per violation of the CPA, payable by Defendant, Freddie Mac,

1    together with any attorney's fees and such other and further relief as the Court may deem reasonable

2    and just under the circumstances.

3           WHEREFORE, Plaintiffs demand judgment for all unfair or deceptive acts, including all

FDCPA statutory violations listed herein against Defendant, Witherspoon·Kelley, for a trebling of the
4
$2,000 per violation of the CPA, payable by Defendant, Witherspoon·Kelley, together with any
5
attorney's fees and such other and further relief as the Court may deem reasonable and just under the
6
circumstances.

7           WHEREFORE, Plaintiffs demand judgment for all unfair or deceptive acts, including all

8    FDCPA statutory violations listed herein against Defendant, Christopher G. Varallo, for a trebling of the

9    $2,000 per violation of the CPA, payable by Defendant, Christopher G. Varallo, together with any

10   attorney's fees and such other and further relief as the Court may deem reasonable and just under the

11   circumstances.

12          WHEREFORE, Plaintiffs demand judgment of statutory and actual damages of all unfair or

13   deceptive acts that fall within the statute of limitations, committed by all the Defendants listed herein,

14   payable by MERSCORP, Inc., for a trebling of the $2,000 per violation of the CPA and a trebling of all

15   actual damages, payable by Defendant, MERSCORP Holdings, Inc., together with any attorney's fees

16   and such other and further relief as the Court may deem reasonable and just under the circumstances.

17

18

19

20
     Civil Complaint Page - 39
21                                                          David T. Gilchrist & Leanne L. Gilchrist
                                                                        457 21ˢᵗ Ave
                                                                      Longview, WA 98632
22                                                                      360-423-1196

# TRIAL BY JURY DEMANDED

1   Plaintiffs hereby demands a trial by jury of all issues so triable as a matter of law.

2   Respectfully submitted this _21_ day of _January_, 2014

3

4

5

6   David T. Gilchrist & Leanne L. Gilchrist
    457 21st Ave Longview, WA 98632
7

8

9

10

11

12

13

14

15

16

17

18

19

20
    Civil Complaint Page - 40
21
                                                    David T. Gilchrist & Leanne L. Gilchrist
                                                                        457 21st Ave
22                                                               Longview, WA 98632
                                                                        360-423-1196