1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID T. GILCHRIST and LEANNE L. GILCHRIST, | CASE NO. C14-5062 RJB |
| Plaintiffs, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| BANK OF AMERICA N.A., BAC HOME LOANS SERVICING LP, MERS, INC., MERSCORP, INC., FHLMC FREDDIE MAC, MANN MORTGAGE, LLC, MANN FINANCIAL, INC., WITHERSPOON KELLEY, CHRISTOPHER G VARALLO, | |
| Defendants. | |

        This matter comes before the court on plaintiffs' motion for reconsideration. Dkt. 43.

The court has considered the motion and the remainder of the file herein.

        On January 21, 2014, plaintiffs filed a civil complaint to which numerous documents

were attached. Dkt. 1.

On March 26, 2014, defendants Witherspoon Kelly and Christopher G. Varallo filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Dkt. 13.  On April 1, 2014, the court issued a notice to plaintiffs, informing them of the legal standard regarding motions to dismiss, and permitted plaintiff the opportunity to file counter affidavits or other responsive evidentiary materials, as appropriate, in response to the motion to dismiss.  Dkt. 20.

The remaining defendants filed motions to dismiss.  Dkt. 21 and 24.

On April 18, 2014, Witherspoon Kelly and Christopher G. Varallo were dismissed as defendants, pursuant to a stipulation.  Dkt. 34 and 35.

Plaintiffs filed responses (Dkt. 36 and 37) to the pending motions to dismiss, and attached numerous documents and additional evidence to their response to the BANA defendants' motion to dismiss.  Dkt. 36.

On May 5, 2014, the court granted the motions to dismiss of the remaining defendants.  Dkt. 42.  In the order, the court stated that it declined to rely on the documents plaintiffs provided in their response "because most of the information therein was included in Plaintiffs' complaint and it would not be appropriate at this state of the proceedings."  Dkt. 42, at 5.

On May 15, 2014, plaintiffs filed a motion for reconsideration of the May 5, 2014 order granting the remaining defendants' motions to dismiss.  Dkt. 43. Plaintiffs contend that the Supreme Court has determined that *pro se* pleadings may never by dismissed for failure to state a claim; that the court acted outside its jurisdiction in deciding facts in controversy; that the court may not dismiss a *pro se* complaint on attorneys' arguments alone; that the complaint with attached exhibits supports plaintiffs' claim that BANA was the alleged servicer; and that the exhibits attached to plaintiffs' complaint were sufficient to support the allegations in the complaint.  Dkt. 43.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple.  A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly.  *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005).  Whether or not to grant reconsideration is committed to the sound discretion of the court.  *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

1    It is unclear whether plaintiffs believe that the court should not have considered the

2    documents attached to their complaint in ruling on the motions to dismiss, or if they believe that

3    the court should have converted the motions to motions for summary judgment.  See Dkt. 43, at

4    3.  In any event, any such arguments are without merit.  A court may consider material which is

5    properly submitted as part of the complaint on a motion to dismiss without converting into a

6    motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  A

7    court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint

8    refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party

9    questions the authenticity of the copy attached to the Fed.R.Civ.P. 12(b)(6) motion.  *Marder v.*

10   *Lopez*, 450 F.3d 445, 448 (9th Cir.2006).  A court may treat such a document as "part of the

11   complaint, and thus may assume that its contents are true for purposes of a motion to dismiss

12   under Rule 12(b)(6)."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).  *See Parrino v.*

13   *FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998).  In this case, it was not improper for the court to

14   consider documents plaintiffs attached to their complaint.

15   Plaintiffs have not shown manifest error in the ruling, or facts or legal authority which

16   could not have been brought to the attention of the court earlier, through reasonable diligence.

17   They disagree with the court's conclusion, after the court carefully reviewed the record, that the

18   CPA claim and the claim for breach of the covenant of good faith and fair dealing are barred by

19   the statute of limitations; that the remaining claims fail to state a claim for relief; and that

20   amendment of the complaint would be futile.  Plaintiffs' motion for reconsideration should be

21   denied.

22

23

24

ORDER DENYING MOTION FOR
RECONSIDERATION- 4

1        Accordingly, it is hereby **ORDERED** that plaintiffs' motion for reconsideration (Dkt. 43)

2    is **DENIED**.

3        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

4    to any party appearing *pro se* at said party's last known address.

5        Dated this 21st day of May, 2014.

6

7    ROBERT J. BRYAN

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24