UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID T. GILCHRIST<br>LEANNE L. GILCHRIST,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant. | CASE NO. 14-5062-RJB<br><br>ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND ON PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY |

　　This matter comes before the Court on Plaintiffs' Motion to Compel Discovery (Dkt. 62) and on Plaintiffs' Motion for an Extension of Time to Complete Discovery (Dkt. 69). The Court has reviewed the motions and the remaining file. Because Defendant has responded to Plaintiffs' requests and Plaintiffs have not shown good cause, the Court should deny both motions.

　　　　　　　　　　I.　　BACKGROUND

　　On January 21, 2014, Plaintiffs filed this lawsuit. Dkt. 1. Plaintiffs alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA") and the Washington Fair Credit Reporting Act ("WFCRA"); violations of the Consumer Protection

ORDER ON PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND ON PLAINTIFFS' MOTION
FOR EXTENSION OF TIME TO COMPLETE
DISCOVERY- 1

Act ("CPA"); and violations of the Telephone Consumer Protection Act ("TCPA"). *Id.* Defendants Bank of America, N.A. ("BANA"), BAC Home Loan Servicing LP, MERS, Inc., MERSCORP, and Freddie Mac ("BANA Defendants") filed a Partial Motion to Dismiss (Dkt. 21) on April 1, 2014, seeking dismissal of every claim but the TCPA claim. On May 5, 2014, this Court granted the Partial Motion to Dismiss, dismissing every claim but the TCPA claim against BANA. Dkt. 42.

On July 2, 2014, Plaintiffs submitted to BANA twenty-seven Requests for Production, twenty-one Interrogatories, and fifty-eight Requests for Admissions. Dkt. 62-3. BANA stated in its Opposition to Plaintiffs' Motion to Compel (Dkt. 65) ("Opposition") that it responded to Plaintiffs' July 2, 2014 requests on September 2, 2014, with answers, objections, and 477 pages of documents. Dkt. 65 at p. 3; *see also* Dkts. 62-4, 62-5, and 62-6. Mr. Lorber, BANA's attorney, claimed in his Declaration (Dkt. 66) that the produced documents included documents relevant to the TCPA claim, a log of calls placed to Plaintiffs, and histories of all correspondences between BANA and Plaintiffs. Dkt. 66 at p. 1; *see also* Dkt. 65 at p. 3.

On October 6, 2014, Plaintiffs sent BANA a letter claiming that BANA's objections to Plaintiffs' requests were improper and requesting that BANA respond with proper answers immediately. Dkt. 62-12 at p. 2. BANA responded to Plaintiffs on October 14, 2014, objecting that Plaintiffs' requests, among other things, called for legal conclusions. Dkt. 62-13. The legal conclusions Plaintiff was asking BANA to make, BANA claimed in its Opposition (Dkt. 65), were the questions the case revolved around. *Id.* (citing, for example, the definition of an "automatic telephone dialing system"). BANA also provided, in response, a copy of the manual for the phone used to call Plaintiffs. Dkt. 62-13. Plaintiffs responded to BANA on October 15, 2014, that they disagreed with BANA's objections and threatened to file a motion to compel

discovery. Dkt. 62-14. On October 21, 2014, BANA responded to Plaintiffs with explanations of BANA's objections to Plaintiffs' requests. Dkt. 62-15. Mr. Lorber, in his Declaration (Dkt. 66), also contended that BANA provided Plaintiff with 498 more pages of documents on October 21, 2014. Dkt. 66 at p. 3. On October 23, 2014, Plaintiffs filed this Motion to Compel Discovery (Dkt. 62). BANA responded on November 3, 2014, with its Opposition (Dkt. 65). On November 5, 2014, Plaintiffs filed a Motion for Extension of Discovery and Pretrial Dates (Dkt. 67). On November 7, 2014, Plaintiffs filed their Reply in Support of Plaintiffs' Motion to Compel (Dkt. 68). BANA filed its Response to Plaintiffs' Motion for Extension of Discovery and Pretrial Dates (Dkt. 69) on November 10, 2014. Plaintiffs replied on November 14, 2014 with their "Reply in Support of Plaintiffs' Motion for Extension of Discovery and Pretrial Dates" (Dkt. 70).

## II.   DISCUSSION

A.  Motion to Compel Discovery

1. <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26–131, n. 34 (2d ed. 1976)). "At the same time, discovery, like all matters of procedure, has

ultimate and necessary boundaries. Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.,* at 351–352. Regarding interrogatories, if the requesting party can determine the answer by business records already available to that party as easily as the responding party could determine the answer, the responding party may simply specify the records to be reviewed with enough specificity so that the requesting party may locate and identify them. Fed. R. Civ. P. 33(d).

    2. <u>Merits</u>

Plaintiffs' Motion to Compel Discovery (Dkt. 62) should be denied. Many of Plaintiffs' requests to BANA are not reasonably calculated to lead to the discovery of admissible evidence. For instance, Request for Production No. 20 in which Plaintiff requests insurance policies that could cover a violation of the TCPA. Dkt. 66-1 at p. 75. The requested documents are irrelevant to the remaining claim in this case. The claim remaining in this case is whether BANA violated the TCPA. Dkt. 42 at p. 14. To prove that BANA violated the TCPA, Plaintiffs must prove that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) *cert. denied*, 133 S. Ct. 2361, 185 L. Ed. 2d 1068 (2013) (citing 47 U.S.C. § 227(b)(1)). Discovery calculated to prove any other claim is irrelevant.

In the interest of economy, the Court will not discuss here every request that Plaintiffs have submitted to BANA. In summary, BANA has provided Plaintiffs with almost all the documents they requested—over 1000 pages—, and BANA is under a continuing obligation to supplement its responses. The requests that BANA has not provided answers or documents for

are either irrelevant or require legal conclusions that are at the heart of the claim in this case (for example, whether BANA called Plaintiff using an automatic telephone dialing system).

The sole Request for Production that has merit that may not have been answered adequately is Request for Production No. 13. Plaintiffs have requested "[a]ll archived recordings of all phone calls made to Plaintiffs' phone numbers . . . ." Dkt. 66-1 at p. 71. Plaintiffs claimed that three call recordings are missing: "March 20, 2013 at 7:22 PM, March 23, 2014 at 10:52 AM, and April 1, 2013 at 8:52 AM. BANA responded that they have "produced recordings of phone calls with Plaintiffs," *id.* at p. 72, but the word "all" is notably missing. If BANA has recordings of the three calls Plaintiffs claimed are missing and has not yet provided them to Plaintiffs, BANA must produce them.

As the Court noted above, the issue remaining in this case is limited. Plaintiffs have made many irrelevant requests that are out of proportion with the scope of the issue remaining in this case, and the requests are bordering on harassment. Plaintiffs are cautioned to restrict their requests to relevant information.

B.   Motion for Extension of Time to Complete Discovery

Plaintiffs' Motion for Extension of Time to Complete Discovery (Dkt. 67) should be denied. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). Plaintiffs have not been diligent in conducting their discovery. Many of Plaintiffs' discovery requests to BANA were irrelevant and did not relate to the claim at issue. Dkt. 62-3. BANA has produced over 1000 pages of documents in response to Plaintiffs' requests already. Dkt. 66 at p. 1. The Court is

ORDER ON PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND ON PLAINTIFFS' MOTION
FOR EXTENSION OF TIME TO COMPLETE
DISCOVERY- 5

1  sympathetic to Plaintiffs' parents' health problems, but whatever additional discovery Plaintiffs

2  need to complete for their single claim, they should be able to complete in the remaining time

3  before the discovery deadline. Plaintiffs' Motion for an Extension of Time (Dkt. 67) should be

4  denied.

5        Accordingly, the Court **ORDERS**:

6  • Plaintiffs' Motion to Compel Discovery (Dkt. 62) is **DENIED**, except the Motion is

7    **GRANTED** as to Request for Production No. 13;

8  • BANA is **ORDERED** to produce any archived recordings of calls made to Plaintiffs on

9    March 20, 2013 at 7:22 PM, March 23, 2014 at 10:52 AM, and April 1, 2013 at 8:52 AM

10   if such recordings exist, and if BANA has not already provided these records to

11   Plaintiffs; and

12 • Plaintiffs' Motion for Extension of Time to Complete Discovery (Dkt. 67) is **DENIED**.

13       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

14 to any party appearing *pro se* at said party's last known address.

15       Dated this 18th day of November, 2014.

          */s/ Robert J. Bryan*

          ROBERT J. BRYAN
          United States District Judge